GRIFFITH *v.* BUCHOLTZ.

EXECUTORS AND ADMINISTRATORS—BELATED CLAIMS—BANK STOCK
ASSESSMENT—UNDISTRIBUTED ASSETS.

> In action by bank trustees to recover bank stock assessment
> which accrued during lifetime of stockholder, brought against
> the administrator of the stockholder's estate and surety on
> the administrator's bond, record *held,* to support finding of
> trial court that claim, allowed upon reopening of hearing
> on claims by an unappealed order made on day after probate
> court had allowed administrator's final account and ordered
> distribution of the estate and after administrator had secured
> receipts from heirs other than himself but had transferred no
> money to them, although he had transferred some of the
> estate funds to himself as trustee, was payable only from funds
> remaining in hands of the administrator where that was suffi-
> cient to satisfy such belated unpaid claim.

Appeal from Montcalm; Hawley (Royal A.), J.
Submitted October 15, 1940. (Docket No. 70, Cal-
endar No. 41,273.) Decided December 10, 1940. Re-
hearing denied February 7, 1941.

Assumpsit by Dean S. Griffith and others, as trus-
tees of the segregated assets of the Farmers & Mer-
chants State Bank of Lakeview, against Francis H.
Bucholtz and Fidelity & Deposit Company of Mary-
land to recover on an administrator's bond for
failure to pay an allowed claim. Judgment for plain-
tiff. Defendants appeal. Affirmed.

*Brake & Miel,* for plaintiffs.

*Carleton H. McIntyre,* for defendants.

WIEST, J. Albert J. Bucholtz was liable upon a
bank stock assessment at the time of his death in

February, 1936. His son, Francis H. Bucholtz, was appointed administrator of the estate and the Fidelity & Deposit Company of Maryland was surety on his bond. In due course, hearing of claims against the estate was had before the probate judge, followed by an order for distribution of the estate. Plaintiff herein did not present the claim for the assessment at that hearing but the next day made application to have the claim heard and allowed. The probate judge reopened the hearing of claims, and the claim was allowed and no appeal taken. The claim was not paid, though the administrator had sufficient funds in his hands to make payment, and this suit was brought against the administrator and the surety on his bond to recover the claim as adjudged in the probate court.

The issues were tried without a jury and the circuit judge made findings upon which he entered judgment against the administrator and his surety.

On appeal by defendants it is claimed that the stock assessment liability did become absolute in the lifetime of the deceased; that the court erred in finding fraud in the actions and doings of the administrator and in holding that there remained funds belonging to the estate with which to pay the tardy claim and in adjudging the surety liable. The liability on the stock assessment accrued during the lifetime of the deceased.

Claims against the estate were heard before the probate judge on February 24, 1938, and on that date the probate court entered an order allowing the final account of the administrator and assigning the residue of the estate to the heirs of the deceased.

The circuit judge found:

"The residue of said estate as shown on that date by said administrator consisted of personal property of the value of $1,981 and real estate of the value

of $4,000. It appears, however, without dispute, that on or about the 18th day of February, 1938, that said administrator caused the sum of $1,180 of said personal property, consisting of a deposit in the Farmers & Merchants Bank of Lakeview, as reorganized, to be transferred from the name of him, Francis H. Bucholtz, as administrator, to a new account in the name of Francis H. Bucholtz, as trustee. The obvious but unavailing purpose of such transfer was, when taken in connection with his subsequent acts, fraudulent in character and was thereby to avoid the payment of the assessment in question against his decedent.

"On the 24th day of February, 1938, said administrator took receipts from the several heirs of said estate, except himself, for their several shares as distributees of said estate but no money or property was at that time or since transferred by said administrator to them or either of them. The amount of personal property remaining in the hands of the administrator after the establishment of the so-called trustee account was of the value of $801. This personal property still remains in his hands as administrator."

Under the delay in having the claim allowed the plaintiff could only look to the undistributed part of the estate and the circuit judge, as above stated, found the amount and awarded judgment within that amount against the administrator and the surety on his bond.

An examination of the record brings us to agreement with the findings of the circuit judge. The judgment is affirmed, with costs against defendants.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred.